IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RANDALL LAMONT ROLLE,**

    **Plaintiff,**

vs.                                             Case No. 4:14cv342-RH/CAS

**BRIAN ENGLES,**
**NICOLE RAYSOR, et al.,**

    **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, a motion to proceed in forma pauperis, doc. 2, and a motion for declaratory judgment and injunctive relief, doc. 3. Plaintiff's in forma pauperis motion has been granted in a separate Order entered this day.

Plaintiff has been a frequent filer in this Court, having filed fifteen cases between 2005 and 2010. Since July 2014, Plaintiff has filed seven more cases. The claims raised in this case are based on the same facts as Plaintiff previously litigated in case number 4:07cv285-RH/WCS. That case was dismissed for failure to state a claim upon which relief may be granted. Docs. 16, 18-19. Plaintiff filed a notice of appeal, and the

Eleventh Circuit Court of Appeals affirmed that dismissal, doc. 33, and the United States Supreme Court denied certiorari. Doc. 43.

Not satisfied with those rulings, Plaintiff again brings this case now that he has been released from prison. Plaintiff acknowledges that prior case in the instant complaint, doc. 1 at 5, but Plaintiff does not explain how this case has merit when his prior case did not, nor does Plaintiff provide any argument to explain any differences between this case and the prior case. The earlier was dismissed for failure to state a claim, but this case should now be dismissed as frivolous. *See* McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious), *quoting* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996); Franklin v. Murphy, 745 F .2d 1221, 1229-30 (9th Cir.1984) (affirming that a complaint barred by res judicata is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)).

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  If all four requirements are met, a court must review the new complaint to determine whether a new claim is presented and, if so, whether the new claim could have been raised in the prior suit.  If the court determines that "the new suit was or could have been raised in the prior action," then res judicata applies.[1]  Id.  However, the preclusion of claims that "could have been brought" in earlier litigation does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in "supplemental pleadings or otherwise."  Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998).

      Here, Plaintiff's prior case and this present case are the same.  The claims arise from the same events on October 25, 2002, when an arrest warrant was issued for Plaintiff and the property where Plaintiff was found hiding in the attic was searched.  Plaintiff was arrested and charged with attempted murder, among other charges, and he was further charged with violating his probation.  The events transpired in 2002-2003, but continued into 2005 and 2006 when Plaintiff was appealing his conviction. possession of a firearm, and possession of cocaine.  See doc. 11 of case number 4:07cv285; cf. doc. 1 of this case.  The claims raised in the prior case were against all Defendants named in this case.  This Court rendered a final judgment finding Plaintiff's claims had no merits.  This case is barred by the doctrine of res judicata.

---

[1] "Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."  Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992) (quotation marks omitted).  Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions."  In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).

Moreover, all facts upon which Plaintiff basis his claims occurred between October 2002 and 2006.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are also barred by the statute of limitations, and should be dismissed.

Because Plaintiff's civil rights complaint, doc. 1, cannot go forward, the motion for declaratory judgment and for injunctive relief, doc. 3, should also be denied.  Injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  Because Plaintiff's complaint is insufficient, there is no basis to grant the motion for an injunction.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous because all claims are barred by *res*

*judicata* and the statute of limitations, and the motion for declaratory judgment and injunctive relief, doc. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**